

ORDERED in the Southern District of Florida on April 21, 2011.

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                  Case No: 10-46642
                                                                 Chapter 13

JUAN ESTEBAN PALACIO

                     Debtor             /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED**
**STATUS OF LIEN ON REAL PROPERTY HELD BY WEBSTER BANK**

THIS CASE came to be heard on April 8, 2011, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 35; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

      A.      The value of the debtor's real property (the "Real Property") located at

9825 Baywinds Drive, Unit 1108, Royal Palm Beach, Fl 33411, and more particularly described as

                         ***MEZZANO CONDIMINIUM UNIT 1108***

LF-92 (rev. 01/08/10)

        is $ **63,000.00** at the time of the filing of this case.

B.    The total of all claims secured by liens on the Real Property senior to the lien of WEBSTER BANK (the "Lender") is $129,091.00.

C.    The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is **$0** and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lender has an allowed secured claim in the amount of **$0**.

3.    (Select only one):

      **_X_** Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

      ____ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ 0, regardless of the original classification in the proof of claim as filed.

4.    Because Lender's secured interest in the Real Property is $0, Lender's

LF-92 (rev. 01/08/10)

      mortgage recorded at OR BOOK 18601, PAGE 1023 of the official records of Palm Beach County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

5.    The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

**Jeffrey Harrington, Esq.**
Harrington Law Associates PLLC
224 Datura Street, Suite 505
West Palm Beach, FL 33401
T: (561) 253-6690
F: (561) 429-8488
E: jeff@myhlaw.com

_/s/ Jeffrey Harrington_
  FL Bar No. 55981


Attorney **Jeffrey Harrington** is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.

LF-92 (rev. 01/08/10)