

**ORDERED in the Southern District of Florida on September 29, 2011.**

**Paul G. Hyman Jr., Chief Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                           Case No.:10-46642-BKC-PGH

**Juan Esteban Palacio,**                        Chapter 13

      Debtor(s).
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY CITIMORTGAGE, INC.

**THIS MATTER** came before the Court for hearing on August 30, 2011, pursuant to Juan Esteban Palacio's (the "Debtor") *Motion to Value and Determine Secured Status of Lien on Real Property* (the "Motion"). Based upon the Debtor's assertions made in support of the Motion, the objections made in CitiMortgage, Inc.'s (the "Creditor") *Response to Motion to Value and Determine Secured Status*

(the "Response"), and both parties' *Joint Stipulation of Facts* (the "Joint Stipulation"), and being duly advised in the premises, the Court finds as follows:

    A.    The value of the Debtor's real property located at 9825 Baywinds Drive, Unit 1108, Royal Palm Beach, FL 33411 and more particularly described as MEZZANO CONDOMINIUM UNIT 1108 (the "Real Property") is $63,000.00 at the time of the filing of this case.

    B.    The total of the Creditor's claim secured by a lien on the Real Property is $129,091.00.

    C.    The Real Property was never the Debtor's "principal residence" within the meaning of §101(13A) and §1322(b)(2). 11 U.S.C. §101(13A) (2006); 11 U.S.C. §1322 (2006). Generally, "courts have interpreted the debtor's principal residence as the debtor's home." *In re Perez*, 2010 WL 2821882, *3 (Bankr.S.D.Fla. 2010) (citing *Nobleman v. Am. Sav. Bank*, 508 U.S. 324, 331 (1993)). In deciding whether certain real property was a debtor's principal residence, courts consider, among things, whether the debtor was living in the property at the relevant time, whether the property at issue was registered as the debtor's mailing address, whether the property was listed as the debtor's address for voting purposes, and whether the property was listed as the debtor's address on his or her driver's license. *See id*. at *3-4. The Joint Stipulation states that the Debtor never resided at the Real Property, and there is no evidence before the Court that the Debtor

ever treated the Real Property as his principal residence. Because the Debtor never resided at the Real Property and there is no evidence that the Debtor treated the Real Property as his principal residence, the Court finds that the Real Property was never Debtor's principal residence. The Debtor's plan may therefore modify the rights of the Creditor pursuant to §1322(b)(2).

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.
2. Creditor has an allowed secured claim in the amount of $63,000.00.
3. Creditor filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in Paragraph 2, above, and as a general unsecured claim in the amount of $66,091.00, regardless of the original classification in the proof of claim as filed.
4. The Real Property may not be sold or refinanced without proper notice and further order of the Court.
5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this Chapter 13 case.

###

Copies Furnished To:

Brett A. Elam
Attorney for Debtor

Jeffrey A. Harrington
Attorney for Debtor

Larry M. Foyle
Attorney for Creditor

Robin R. Weiner
Chapter 13 Trustee

AUST